UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FARSHAD FARYABI,

        Plaintiff,

   v.

BELLEVUE CROSSROAD MALL,

        Defendant.

CASE NO. C18-00956 RAJ

ORDER

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** Plaintiffs' complaint. Dkt. # 5.

On June 27, 2018, Plaintiff filed this action against Defendant, Bellevue Crossroad Mall. Dkt. # 1. Plaintiff appears to be faulting mall security for telling him to leave Defendant's mall. Dkt. # 5-1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Mary Alice Theiler granted the application. Dkt. # 4.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Before proceeding further with this matter, the court is obligated to determine whether it has subject matter jurisdiction. *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011); Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Absent jurisdiction, any determination on the merits would be void. *Watts v. Pickney*, 757 F.2d 406, 409 (9th Cir. 1985). The Court has diversity jurisdiction over cases where the amount in controversy exceeds $75,000 **and** the case is between citizens of different states. 28 U.S.C. § 1332. The Court also has jurisdiction over matters alleging violation of federal law. 28 U.S.C. § 1331. Neither is apparent from the face of plaintiff's

complaint.  Plaintiff does not provide, cite, or refer to any federal law as a basis for his claim.  Moreover, both Plaintiff and Defendant appear to be citizens of Washington, and Plaintiff alleges the amount in controversy is less than $75,000.  Dkt. # 5 at 4-5.

Even assuming that the Court did have jurisdiction over this matter, and taking all allegations in the light most favorable to the Plaintiff, the Complaint fails to state a claim showing that Plaintiff is entitled to relief.  Plaintiff's Complaint provides very few details regarding Defendants' alleged actions.  Plaintiff's Complaint essentially consists of two one-page letters that are conclusory and difficult to comprehend.  Dkt. ## 5, 5-1.  As best as this Court can tell, Plaintiff appears to be faulting Defendant's security personnel for asking him to leave the mall while he was shopping.  Dkt. # 5-1.  It is unclear what relief, if any, Plaintiff requests from this Court, or what laws it accuses Defendant of violating.  Although *pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, they must still adhere to the Federal Rules of Civil Procedure.  *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).  Plaintiff simply does not state a plausible claim for which any type of relief could be granted by this Court.

As a result, the Court **DISMISSES** Plaintiff's Complaint.  **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above.  If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not provide a basis for jurisdiction and state a cognizable claim for relief, or is otherwise untenable under § 1915(e), the Court will dismiss the action.

Dated this 5th day of July, 2018.

The Honorable Richard A. Jones
United States District Judge