UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FARSHAD FARYABI,

Plaintiff,

v.

BELLEVUE CROSSROAD MALL,

Defendants.

Case No. C18-956-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (Dkt. # 3), this Court's Order's dismissing Plaintiff's Complaint with leave to amend. Dkt. # 6.  For the reasons that follow, the Court **DENIES** Plaintiff's motion to appoint counsel, and **DISMISSES without leave to amend** his Complaint.

## II.  BACKGROUND

Plaintiff filed this action complaining that security personnel working for Defendant Bellevue Crossroad Mall told him to leave the mall.  Dkt. ## 1, 5.  The Honorable Mary Alice Theiler granted Plaintiff's application to proceed *in forma pauperis*.  Dkt. # 4.  On July 28, 2018, Plaintiff moved this Court to appoint counsel. Dkt. # 3.

On July 5, 2018, the Court dismissed Plaintiff's Complaint.  Dkt. # 6.  The Court did so pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the complaint of an *in forma pauperis* plaintiff if that complaint fails to state a claim.  *Id*.  In

ORDER – 1

dismissing Plaintiff's complaint, the Court instructed that Plaintiff must file an amended complaint within fourteen (14) days of the date of the Order, or the case would be dismissed with prejudice. *Id.* Over a month has passed since the Court's July 5, 2018 Order, and Plaintiff has not made any filing.

## III. DISCUSSION

### A. The Court Denies Plaintiff's Motion to Appoint Counsel

This is a civil action where, as a general matter, a plaintiff does not have a right to counsel. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). In certain cases, "exceptional circumstances" may warrant the appointment of counsel. *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that no exceptional circumstances warrant the appointment of counsel because Plaintiff is unlikely to succeed on the merits. As explained in the Court's previous Order (Dkt. # 6), Plaintiff's Complaint is essentially two one-page letters that do not state a legal claim or provide a basis for relief. Dkt. ## 5, 5-1. The only factual allegation this Court can discern is that security personnel at Bellevue Crossroads Mall asked Plaintiff to leave. Dkt. # 5. This alone does not give rise to an actionable legal claim. The Court granted Plaintiff an opportunity to supplement its factual allegations, and Plaintiff has failed to do so. Dkt. # 6. Because no exceptional circumstances warrant the appointment of counsel, Plaintiff's motion for counsel is **DENIED**. Dkt. # 3.

### B. The Court Dismisses Plaintiff's Complaint With Prejudice

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

As noted, the Court previously dismissed Plaintiff's complaint with leave to amend within fourteen days because the complaint failed to state a claim upon which relief could be granted. Dkt. # 6. In doing so, the Court stated, "[i]f Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not provide a basis for jurisdiction and state a cognizable claim for relief, or is otherwise untenable under § 1915(e), the Court will dismiss the action." *Id.*

Plaintiff has not complied and has not filed an amended pleading as of the date of this Order, which is over a month after its previous Order directing Plaintiff to do so. Dkt. # 6. Plaintiff's Complaint still fails to set forth any actionable legal claim and the Court cannot see how it would be saved with further amendment. Accordingly, the Court **DISMISSES** Plaintiff's complaint **without leave to amend**. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect").

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Appoint Counsel (Dkt. # 3), and **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. # 5).

Dated this 7th day of August, 2018.

*Richard A Jones*

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3